NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN VARGAS,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF HACKENSACK, CITY OF HACKENSACK POLICE DEPARTMENT, POLICE OFFICER ALLAN DELEON, HACKENSACK PROSECUTOR'S OFFICE, BERGEN COUNTY, VILLAGE OF RIDGEFIELD PARK AND JOHN DOES (1-99),<br><br>             Defendants. | Civil Action No. 10-cv-02212 (SDW)<br><br>**OPINION**<br><br>December 14, 2010 |

      Before the Court is the defendant Village of Ridgefield Park's ("Defendant" or "Village of Ridgefield Park") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(c), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 for failure to state a claim against Defendant ("Motion").

      The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court will decide this motion as one for summary judgment. For the reasons discussed below, the Court will grant Defendant's Motion.

## BACKGROUND

On August 20, 2006, plaintiff Susan Vargas ("Plaintiff") arrived at the scene of a motor vehicle accident involving her relatives in the City of Hackensack, New Jersey. Plaintiff, who lived nearby, asked defendant Hackensack Police Officer DeLeon ("Officer DeLeon") if it would be possible to tow the car to her residence. (Compl. 2, at ¶¶ 1-4; Def.'s Br. 1.) Officer DeLeon directed Plaintiff to ask the tow truck driver, who informed her that the Officer had the authority to make that decision. (Compl. 3, at ¶ 5.) Plaintiff then began questioning Officer DeLeon about towing the car, at which point he allegedly became agitated and aggressive towards her. (Compl. 3, at ¶ 6; Def.'s Br. 1.) Plaintiff's husband intervened and explained that she was the Municipal Court Administrator for the Village of Ridgefield Park, New Jersey in an effort to calm Officer DeLeon. (Compl. 3, at ¶¶ 5-8; Def.'s Br. 1.) However, the situation allegedly escalated and Plaintiff was arrested and charged with obstruction of justice under N.J.S.A. 2C:29-1a and resisting arrest under N.J.S.A. 2C:29-2a [1]. (Compl. 3, at ¶ 11; Def.'s Br. 1.)

Plaintiff was brought before the Hackensack Municipal Court. (Compl. 3, at ¶ 12.) After hearing the testimony of the parties, the court transferred the matter to the Little Falls Municipal Court and then to the West Paterson Municipal Court. (Compl. 3, at ¶ 12; Def.'s Br. 1.)[1]

As a result of the incident on August 20, 2006, on or about August 21, 2006, Plaintiff was suspended from her job as the Ridgefield Park Municipal Court Administrator by Judge Daniel P. Mecca, the Acting Assignment Judge for Bergen County. (Def.'s Br. 1.) Judge Mecca gave the Village of Ridgefield Park discretion to decide whether the suspension would be with or without compensation. (Def.'s Br. Ex. B.) Roughly one month later, the Village of Ridgefield Park decided that Plaintiff's suspension would be without pay. (Pl.'s Br. Ex. B.) However, the

---

[1] In July of 2007 the entire matter was eventually transferred to the Passaic Vicinage. (Compl. 3, at ¶ 14; Pl.'s Br. 1; *Id.* Ex. C.)

Village of Ridgefield Park did pay Plaintiff's salary for approximately one month after her suspension and paid her family's health insurance premiums for the entire period of her suspension. (Pl.'s Br. Ex. B.)

On July 8, 2008, Plaintiff was acquitted on the charge of obstruction of justice, but was found guilty of resisting arrest. (Compl. 4, at ¶ 15.) On April 29, 2009, Plaintiff was acquitted of resisting arrest by the Passaic County Superior Court. (Compl. 4, at ¶16; Def.'s Br. 2.) As a result of these acquittals, on May 19, 2009 Assignment Judge Peter Doyne restored Plaintiff to her position as the Ridgefield Park Municipal Court Administrator. (Def.'s Br. Ex. C.) On July 1, 2009, Plaintiff returned to work. (Pl.'s Br. 2.)

On February 17, 2010, a letter was sent to counsel for the Village of Ridgefield Park requesting back pay for the time Plaintiff was suspended without pay, but Plaintiff did not receive a response regarding her back pay. (Pl.'s Br. 2.) On April 30, 2010, Plaintiff filed a complaint against the City of Hackensack, the City of Hackensack Police Department, Police Officer Allan DeLeon, the Hackensack Prosecutor's Office, Bergen County and the Village of Ridgefield Park with the following four counts: 1) Count I for false arrest; 2) Count II for malicious prosecution; 3) Count III for false imprisonment; and 4) Count IV for wrongful suspension ("Complaint"). (*See* Compl.) On August 3, 2010, the Village of Ridgefield Park filed the present Motion.

## **LEGAL STANDARD**

This Motion was submitted as one to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(c), or in the alternative, as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

This court has complete discretion to accept such materials beyond the pleadings.  *See In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 315 n.3 (3d Cir. 2003); Wright & Miller, Federal Practice and Procedure: Civil 2d § 1366 at 491 (1990).  However, should it so choose, the court may convert the motion to one for summary judgment and provide the parties notice and a reasonable opportunity to present all relevant material.  *See*, *e.g., In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287-89 (3d Cir. 1999); *Rose v. Bartle*, 871 F.2d 331, 339-43 (3d Cir. 1989).  As Defendant filed this Motion to be considered in the alternative as a summary judgment motion, and based on the papers submitted, the Court will treat this Motion as one for summary judgment.[2]

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving

---

[2] *See Scott v. Graphic Communications Int'l Union, Local 97-B*, 92 Fed. Appx. 896, 903 (3d Cir. 2004)(finding that the filing of a motion to dismiss as one to be considered in the alternative for summary judgment was adequate notice that the district court might consider the motion as a motion for summary judgment).

party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant, who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but, rather, must determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

## **DISCUSSION**

Count I (False Arrest) and Count II (Malicious Prosecution)

Defendant was not present at the arrest or prosecution of Plaintiff, which are the focus of Count I for false arrest and Count II for malicious prosecution. (*See* Compl. 2-6; Def.'s Br. 1-3, 6.) These facts are not in dispute. For Counts I and II, Defendant is only mentioned in the context of Plaintiff's employment and suspension. (*See* Compl. 2-6.) In addition, Plaintiff's brief submitted on August 20, 2010 in opposition to Defendant's Motion, only presents arguments related to Count IV (regarding wrongful suspension). (*See* Pl.'s Br.) No legal or factual disputes regarding Counts I and II are raised. As such, Plaintiff cannot succeed on a claim for false arrest and malicious prosecution. The Court grants Defendant's Motion as to Counts I and II of Plaintiff's Complaint.

Count III (False Imprisonment)

Plaintiff does not allege that Defendant was involved in the events supporting Plaintiff's false imprisonment claim in Count III.  In fact, Count III of the Complaint does not expressly mention or demand judgment with regard to the Village of Ridgefield Park.  (*See* Compl. 7-8.) Thus, Count III does not contain a claim for false imprisonment against the Village of Ridgefield Park.

Count IV (Wrongful Suspension)

Count IV of Plaintiff's Complaint alleges that Defendant wrongfully suspended Plaintiff from her position as Ridgefield Park Municipal Court Administrator.  Defendant argues that Plaintiff was actually suspended by the Acting Assignment Judge for Bergen County via court order.  (Def.'s Br. Ex. B.)  The New Jersey Court Rules, Rule 1:33-4 vests responsibility in Assignment Judges "for the supervision, superintendence and allocation of all judges and personnel having a judicial support function within the vicinage."  Plaintiff does concede "the fact that Plaintiff was suspended by the Court," but asserts that "it was the Village of Ridgefield Park who made the initial decision to suspend plaintiff *without pay*." (Pl.'s Br. 4 (emphasis in original).)  Thus, Plaintiff argues that Defendant's liability for the wrongful suspension claim is based on the withholding of pay.  Plaintiff also asserts that based on Plaintiff's contractual relationship as an employee of the Village of Ridgefield Park, Defendant's decision to suspend Plaintiff without pay was a breach of the contract. (Pl.'s Br. 5.)  As such, Plaintiff argues that the New Jersey statute of limitations for contract claims, six years, is appropriate in this matter.

However, as discussed below, the New Jersey statute of limitations for personal injury claims, for two years, is the applicable statute for a wrongful suspension claim.

Count IV of Plaintiff's Complaint for wrongful suspension is brought under 42 U.S.C. § 1983, seeking damages for violations of constitutional rights and for personal injuries. (Compl. 8.) As drafted, the time limitations for actions brought under 42 U.S.C. § 1983 are not stated. Courts analyzing claims brought under section 1983 should look to the analogous state statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 268, 275-76 (1985).[3] The Third Circuit has held that in New Jersey the applicable statute is N.J.S.A. 2A: 14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). This two-year statute of limitations applies to tort claims under 42 U.S.C. §§ 1983 and 1985. *Cito v. Bridgewater Towp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)(holding that a claim under 42 U.S.C. § 1983 was subject to New Jersey's two-year statute of limitations for personal injuries).

Plaintiff argues that her cause of action for wrongful suspension arose when "Plaintiff was reinstated to the position of Court Administrator for the Village of Ridgefield Park and the Village neglected to compensate Plaintiff for the two years she was suspended without pay from the Village." (Pl.'s Br. 5.) However, the New Jersey Supreme Court has held that a cause of action accrues on "the date on which the right to institute and maintain a suit first arose." *Rosenau v. City of New Brunswick*, 51 N.J. 130, 137 (1968) (internal citation and quotation omitted). Further, in *O'Connor v. City of Newark*, the Third Circuit noted that for claims of wrongful suspension the statute of limitations period runs from the act of suspension. 440 F.3d 125, 126-27 (3d Cir. 2006).

---

[3] *Wilson v. Garcia*, 471 U.S. 261(1985) was superseded by statute on other grounds, 28 U.S.C. § 1658(a)

Plaintiff was suspended from her position as Court Administrator for the Village of Ridgefield Park on August 21, 2006. Her right to bring an action for wrongful suspension under 42 U.S.C. § 1983 arose on this date. Plaintiff's Complaint was not filed until April 30, 2010, almost four years later. Therefore, Plaintiff did not file her Complaint within the two-year statute of limitations and her wrongful suspension claim is time barred. As such, Defendant's Motion as to Count IV of Plaintiff's Complaint will be granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED.

                                                s/ Susan D. Wigenton, U.S.D.J

Orig:       Clerk
cc:         Judge Arleo
             Parties